## Case No. 14,771.

UNITED STATES v. CHAFFEE.

[4 Ben. 330.] [1]

District Court, N. D. New York. Oct., 1870.

WITHHOLDING PENSION — CONSTRUCTION OF STATUTE — PLEADING — GUARDIAN.

1. The last clause of the 13th section of the pension act of July 4, 1864 (13 Stat. 389), is not

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

limited to offences under that act, and an agent who withholds from a pensioner a pension, granted by an act passed subsequent to the act of July 4, 1864, is indictable under it.

2. Where a pension agent was found guilty, under that clause of the act of July 4, 1864, under an indictment, which alleged that two minor children were pensioners, and that the accused had been employed as agent of V., the guardian of the minors, to collect the pension, and that the pension had been paid to him, and that it was his duty to pay the same to the guardian, which he had refused to do; and the pension certificate, which was in evidence, showed that the pension was "payable to V., as guardian of the minors;" and a motion was made to arrest the judgment: *Held,* that the guardian might perhaps, on the certificate, be properly considered as the pensioner, in her representative capacity; but that this motion must be determined on the language of the indictment, and as the indictment alleged that the minors were the pensioners, and did not allege a withholding of the pension from them, but from V., it did not state any offence against the act, and the judgment must be arrested.

[This was an indictment against La Fayette Chaffee. Heard on motion in arrest of judgment.]

W. Dorsheimer, U. S. Atty.
Oscar Folsom, for defendant.

HALL, District Judge. The defendant was tried, at the present term, upon an indictment charging him with wrongfully withholding moneys received by him, as the attorney or agent of the guardian of two minors, in payment of the pension granted to such minors by the United States. He was found guilty, and thereupon moved in arrest of judgment, upon the ground that the case is not within the 13th section of the act of July 4, 1864, on which the indictment is founded, because the act under which such pension was granted was not passed until after the passage of the act of 1864; and also on the ground that the indictment is insufficient to bring the case within the provisions of that section.

The indictment contains but a single count, by which the grand jurors, upon their oaths, present that one Stephen Williams was heretofore a private soldier, in the service of the United States of America; that on the 8th day of May, one thousand eight hundred and sixty-six, said Stephen Williams died, by reason of wounds received and diseases contracted while in the service of the United States, as aforesaid, and in the line of duty, as aforesaid; that the said Stephen Williams, at the time of his death, as aforesaid, left two minor children, him surviving—to wit, John C. Williams, who will be sixteen years of age on the 8th day of December, A. D. 1871, and Emma J. Williams, who will be sixteen years of age on the 17th day of June, A. D. 1874; that one Julia Voelker, at the time of the finding of this indictment, was, and for more than two years prior thereto, has been the guardian of said minor children, duly appointed and qualified, and acting as such guardian of said John C. Williams and Emma J. Williams.

"And the jurors aforesaid. upon their oaths aforesaid, do further present, that, by reason aforesaid, the said minor children, John C. Williams and Emma J. Williams, and each of them, on the 8th day of May; one thousand eight hundred and sixty-six, became and were entitled to have and receive a pension from the United States of America, at the rate of eight dollars per month, and an additional sum of two dollars per month, for each of said minor children, until sixteen years of age, pursuant to, and by virtue of, an amendment to an act of congress, approved on the 14th day of July, one thousand eight hundred and sixty-two [12 Stat. 566], entitled 'An act to grant pensions.' That, on the 17th day of July, one thousand eight hundred and sixty-eight, said pension, payable semi-annually at the rate aforesaid, to which the said minor children were entitled as aforesaid, had been duly granted and allowed by the United States of America, to said minor children. That on the fourth day of March, one thousand eight hundred and sixty-eight, said Julia Voelker, as such guardian, became and was justly entitled to have and receive from the United States of America a payment of said pension, amounting to the sum of two hundred and twenty dollars, and the said Julia Voelker, as such guardian. had a just and lawful claim against the United States therefor, pursuant to the act of congress aforesaid.

"And the jurors aforesaid, upon their oaths aforesaid, do further present, that heretofore, to wit, before the 4th day of March, A. D. 1868, said Julia Voelker, as such guardian, as aforesaid, did employ and authorize one La Fayette Chaffee, of Lockport, as her agent and attorney, and the said Julia Voelker did then and there duly execute and deliver to the said La Fayette Chaffee a sufficient power of attorney, to enable him to obtain and receive. from the said United States, said two hundred and twenty dollars, due to said minor children, and to said Julia Voelker, as aforesaid; and the said La Fayette Chaffee did then and there undertake and agree to and with the said Julia Voelker, as such guardian, to obtain and receive the moneys aforesaid, due and payable as aforesaid, to said minor children, and to said Julia Voelker, by reason thereof, and to pay over and deliver to the said Julia Voelker the amount of the said pension due and payable to said minor children, and to her as aforesaid, and it was the duty of the said La Fayette Chaffee to pay over and deliver to said Julia Voelker, such guardian, as aforesaid, the amount of saia pension, due and payable as aforesaid, when the same should be paid to him, said La Fayette Chaffee; pursuant to the act of congress, as aforesaid, and the power of attorney aforesaid.

"And the jurors aforesaid, upon their oaths aforesaid, do further present, that afterwards, to wit, before the eighth day of August, one thousand eight hundred and sixty-eight, the said La Fayette Chaffee, such agent and attorney, as aforesaid, did make out, and cause to be executed, the papers necessary to enable said Julia Voelker, as such guardian, as aforesaid, through her agent and attorney as aforesaid, to obtain and receive said two hundred and twenty dollars, such pension, due as aforesaid, and such proceedings were duly had in the premises, by the said La Fayette Chaffee, such agent and attorney, as aforesaid; that heretofore, and on the 8th day of August. one thousand eight hundred and sixty-eight, said two hundred and twenty dollars, due and payable, as aforesaid, to said minor children, and to said Julia Voelker, was duly paid by the United States to the said La Fayette Chaffee, such agent and attorney, as aforesaid, as and for and being the aforesaid pension, which the said minor children. and the said Julia Voelker, as such guardian, as aforesaid, was, as aforesaid, duly and justly entitled to have and receive, as aforesaid, from the United States of America; and it then and there became, and was, the duty of said La Fayette Chaffee, such agent and attorney, as aforesaid, to immediately pay over and deliver to the said Julia Voelker, such guardian, as aforesaid, said sum of two hundred and twenty dollars, such pension, as aforesaid, as he, the said La Fayette Chaffee, such agent, as aforesaid, then and there well knew.

"And the jurors aforesaid, upon their oaths aforesaid, do further present, that heretofore. and on divers days, and at divers times, between said eighth day of August. one thousand eight hundred and sixty-eight, and the finding of this indictment, the said Julia Voelker, as such guardian, as aforesaid, at said Lockport aforesaid, duly demanded of and from the said La Fayette Chaffee, such agent and attorney, as aforesaid, the payment of the said sum of two hundred and twenty dollars, the said pension, due and payable to the minor children, and to said Julia Voelker, as aforesaid, but that the said La Fayette Chaffee, such agent and attorney, as aforesaid, has hitherto, and during all. said times, refused. and still refuses, to pay over or deliver or to account to the said Julia Voelker, as such guardian, as aforesaid, the said sum of money, or any part thereof, except the sum of twenty dollars.

"And the jurors aforesaid, upon their oaths aforesaid. do further present, that the said La Fayette Chaffee, of Lockport, of Niagara county, with force and arms, etc.. heretofore. to wit, on the eighth day of August, one thousand eight hundred and sixty-eight, at said Lockport, of Niagara county, in said Northern district of New York, and within the jurisdiction of this court, and at divers and sundry times, between that day and the finding of this indictment, and while the said La Fayette Chaffee was such agent and attorney of the said Julia Voelker, guardian of said minor children, as aforesaid, did

feloniously and wrongfully withhold from the said John C. Williams and Emma J. Williams such pensions, as aforesaid, and from the said Julia Voelker, such guardian, as aforesaid, a part of the aforesaid pension, so as aforesaid allowed, and due and payable, as aforesaid, to wit, two hundred dollars of said two hundred and twenty dollars, which had been so, as aforesaid, paid by the United States of America to the said La Fayette Chaffee, as said agent and attorney, as aforesaid, as and for the said pension of the said minor children, such pensioners, as aforesaid, and which was so, as aforesaid, due and payable to the said Julia Voelker, as such guardian, as aforesaid, and which it was the duty of him, the said La Fayette Chaffee, as such agent and attorney, as aforesaid, to have paid over to the said Julia Voelker, as such guardian, as aforesaid, he, the said La Fayette Chaffee, agent and attorney, as aforesaid, at the time of his so withholding the aforesaid part of the said pension then and there, to wit, at Lockport aforesaid, in the district and within the jurisdiction aforesaid, well knowing such lastmentioned withholding of the aforesaid pension to be wrongful and unlawful, contrary to the statute of the United States of America in such case made and provided, against the peace of the United States and their dignity."

The act of July 14th, 1862, referred to in the indictment, provides for granting pensions in certain cases, and the act of July 4, 1864—which is entitled, "An act supplementary to the act of 1862"—also provides for granting pensions in some cases not provided for in the act of 1862; but neither provides for the grant of a pension to the children of a deceased soldier, after the marriage of his widow who had been entitled to receive a pension during her widowhood.

After several sections, modifying, in several respects, the then existing laws in regard to pensions, the 13th section of the act of 1864 provides, "that any agent or attorney who shall directly or indirectly demand or receive any greater compensation for his services under this act than is prescribed in the preceding section of this act, or who shall contract or agree to prosecute any claim for a pension, bounty, or other allowance, under this act, on the condition that he shall receive a per centum upon any portion of the amount of such claim, or who shall wrongfully withhold from a pensioner, or other claimant, the whole or any part of the pension or claim allowed and due to such pensioner or claimant, shall be deemed guilty of a high misdemeanor, and, upon conviction thereof, shall, for every such offence, be fined, not exceeding three hundred dollars, or imprisoned, at hard labor, not exceeding two years, or both, according to the circumstances and aggravation of the offence."

On the 3d of March, 1865 [13 Stat. 499], by an act entitled, "An act supplementary to the several acts relating to pensions," it was provided (section 4), "That if any officer or other person named in the first section of an act entitled, 'An act to grant pensions,' approved July fourteen, eighteen hundred and sixty-two, has died since the fourth day of March, eighteen hundred and sixty-one, or shall hereafter die, by reason of any wound received or disease contracted while in the service of the United States, and in the line of duty, his widow, or if there be no widow, or in case of her death or marriage, without payment to her of any part of the pension hereinafter mentioned, his child or children, under sixteen years of age, shall be entitled to receive the same pension as the husband or father would have been entitled to under said act, had he been totally disabled, to commence from the death of the husband or father, and to continue to the widow during her widowhood, or to the child or children until they severally attain the age of sixteen years, and no longer. Provided, that when such pension has been, or shall hereafter be, paid to the widow, such child or children shall only be entitled to receive the pension, to commence from the death or marriage of such widow, and to continue as aforesaid." It was under the provisions of this act that the pension referred to in the indictment was granted.

Under the several statutes above referred to, it was insisted, by the counsel for the defendant, that the judgment ought to be arrested, on the grounds before stated. These grounds will be considered in their order.

It is very clear that the 13th section of the act of 1864, before alluded to, is limited in its operation, so far as the first two classes of the offences punishable under that section are concerned; but this results from the fact that, in respect to each of these classes, the words "under this act" are appropriately and expressly used for that purpose. These words are omitted, ex industria, in that part of the section under which the indictment in this case was intended to be framed: and there are no other words of limitation or restriction to limit its operation to pensions granted under the same act. The term "pensioner" is general, and as there is no limitation or restriction in this part of the section (as there was in the other parts of it), the withholding of a pension granted under an act subsequently passed is clearly an offence under this section, as much as if it had been granted under the provisions of the act of 1864.

The other question is a more serious one, and may not be entirely free from doubt. So far as the offence of withholding a pension is concerned, the 13th section of the act of 1864 provides for the punishment of a party who wrongfully withholds, from a pensioner, the whole or any part of the pension allowed and due to such pensioner, and does not in any way provide for any other case of withholding a pension. Now the indict

ment, in this case, in the statements made by way of inducement, avers that the minor children of the deceased soldier became and were entitled to the pension therein mentioned; that it had been duly granted and allowed by the United States to such minor children; and, although there is some language in this portion of the indictment which would indicate that the person who drew the indictment had some vague idea that the indictment might be supported upon the ground that Mrs. Voelker, the guardian of the minor children, was a claimant, and had a claim against the United States, which the defendant had withheld, the portion of the indictment which directly charges the offence. only charges the offence of withholding from the pensioners and their guardian a part of the pension before referred to, and not the wrongfully withholding of a claim from the guardian, as a claimant. Withholding the pension from the pensioners is therefore the offence, if any, charged in the indictment. In directly charging the offence, it is alleged that while the said La Fayette Chaffee was such agent and attorney of the said Julia Voelker, guardian of said minor children, "he feloniously and wrongfully withheld from the said John C. Williams and said Emma J. Williams, such pensioners, as aforesaid, and from the said Julia Voelker, as such guardian," a part of such pension, which (the indictment alleges) was due and payable to the said Julia Voelker, as such guardian, as aforesaid; and which (as the indictment also alleges) it was the duty of him, the said La Fayette Chaffee. as such agent and attorney aforesaid, to have paid over to the said Julia Voelker, as such guardian, as aforesaid. The indictment had before alleged, by way of inducement, that the defendant was employed as the attorney and agent of such guardian (not of the minor children); that said Julia Voelker (without adding as such guardian) executed and delivered to said defendant a power of attorney to enable him to obtain and receive such pension; that the pension had been paid to him as such agent and attorney; that it was the duty of the defendant to pay the moneys received to such guardian. The demand of payment alleged is a demand to pay to her, as such guardian, and the refusal to pay alleged is a refusal to pay to her as guardian. If, then, as is expressly stated, both by way of inducement, and in directly charging the offence, it was the duty of the defendant to pay the moneys received to the guardian, it was not his duty to pay them to the pensioners. There could be no wrongful or unlawful withholding of the pension from the pensioners; for, upon the face and frame and language of the indictment, they were not entitled to receive it from the defendant, or even otherwise, except as it might be paid to them by a guardian appointed by and responsible to the state authorities.

It is suggested, in the written brief or argument furnished by the second assistant of the district attorney, since the oral argument of the motion, and since the above was written, that, "by the express terms of the pension certificate,· introduced in evidence, the pension was payable to Julia Voelker, as guardian of the minor children;" that the guardian was the only person who could authorize an agent to procure the pension money from the United States, and the only person who could properly demand, from the agent, the money in question; and that she was the only person to whom the agent was authorized to pay the money; and that the words, "and Julia Voelker, such guardian, as aforesaid," in the charging clause, may be rejected as surplusage, as the indictment expressly charges that the pension money was withheld from the children.

The fact in regard to the terms of the pension certificate may be as stated; and perhaps the guardian may, in that case, be properly considered as the pensioner, in her representative capacity; but if so, it can make no difference upon this motion. The motion in arrest must necessarily be determined upon the allegations of the indictment alone. The indictment, as has been seen, alleges that the minor children were the persons entitled to the pension, and that it was granted to them, and not to their guardian; and they are expressly designated as the pensioners throughout the indictment. If the indictment had been differently drawn, in accordance with the fact suggested, a different question would have been presented; but, as the case now stands, the judgment must be arrested.